PER CURIAM.
**290 In this certified appeal, the defendant, Christopher Tierinni, appeals from the judgment of the **291 Appellate Court affirming the judgment of conviction, rendered after a jury trial, of four counts of sexual assault in the second degree in violation of General Statutes (Rev. to 2011) § 53a-71 (a) (1) and three counts of risk of injury to a child in violation of General Statutes (Rev. to 2011) § 53-21 (a) (2). State v. Tierinni , 165 Conn. App. 839, 841, 140 A.3d 377 (2016). Before the trial began, the court explained to both the state and the defendant that it would be using sidebar conferences to hear detailed evidentiary objections, rather than excusing the jury repeatedly and delaying the trial. Id., at 842-46, 140 A.3d 377. The court explained that the procedure was not intended to prevent either party from making a record of their objections. Id., at 845, 140 A.3d 377. The court further explained that, although they would use sidebar conferences to discuss objections, the parties were encouraged to place their objections, and any argument thereon, on the record. Id., at 844, 140 A.3d 377. The court told the parties that they could make such a record during any of the breaks or recesses when the jury was not present. Id. The court also informed the parties that if they had an objection to the procedure, it would not be used. Id., at 845, 140 A.3d 377. Both defense counsel and the state's attorney stated, on the record, that they had no objection to this procedure. Id. As a result, both the defense and the state utilized *592 sidebar conferences to make any detailed arguments on evidentiary objections throughout the trial. Id., at 845-46, 140 A.3d 377.
The defendant appealed from the judgment of conviction to the Appellate Court. In that appeal, he claimed that his right to due process was violated because (1) the sidebar conferences were allegedly critical stages of the proceedings and, therefore, (2) he alleged he had a right to be present at the sidebar conferences that had not been adequately waived. Id., at 842, 140 A.3d 377. The Appellate Court affirmed the judgment of the trial court, concluding that the defendant had effectively waived any claim **292 related to his presence at the sidebar conferences by agreeing to the procedure proposed by the trial court. Id., at 848-49, 140 A.3d 377.
We granted the defendant's petition for certification to appeal, limited to the following questions: (1) "Did the Appellate Court properly conclude that the defendant waived his right to be present at critical stages of the criminal proceedings during arguments on evidentiary objections?" And (2) "If the answer to the first question is 'no,' did the trial court's approach to handling evidentiary objections constitute structural error as a violation of the defendant's right to be present during critical stages of the criminal proceedings?" State v. Tierinni , 323 Conn. 904, 150 A.3d 681 (2016).
At the outset, we recognize that the first certified question implies that the sidebar conferences constituted "critical stages" of the proceedings. A careful reading of the Appellate Court's decision reveals that it did not decide whether a sidebar conference was, in fact, a critical stage. Rather, the Appellate Court merely concluded that, because the defendant had accepted and acquiesced to the procedure for handling arguments on evidentiary objections, the defendant had waived any claim related to his presence at the sidebar conferences. State v. Tierinni , supra, 165 Conn. App. at 849, 140 A.3d 377.[1] Accordingly, we reframe the first certified question to ask whether the Appellate Court properly concluded that the defendant had waived any claim regarding his presence at sidebar conferences. See State v. Ouellette , 295 Conn. 173, 184, 989 A.2d 1048 (2010) (court may reframe certified question to more accurately reflect issue at hand).
**293 After examining the entire record on appeal and considering the briefs and oral arguments of the parties before this court, we have determined that the judgment of the Appellate Court should be affirmed. We conclude that the Appellate Court's decision fully addresses the first certified question, as reformulated in this opinion-namely, its conclusion that the defendant had waived any claim regarding his presence at the sidebar conferences by agreeing to the trial court's procedure for handling arguments on evidentiary objections. It would, therefore, serve no purpose for us to repeat the discussion contained in the Appellate Court's decision. Because we answer the first certified question in the affirmative, we do not reach the second question.[2]
*593 The judgment of the Appellate Court is affirmed.

To the extent that the question, as originally certified, implied that this court considers a sidebar conference to be a critical stage of the proceedings, we clarify that this court has never addressed whether a sidebar conference is a critical stage of the proceedings, and we do not decide that issue today.

We do not decide today whether a defendant has a right to be present at sidebar conferences on evidentiary objections or whether such conferences constitute critical stages of the proceedings. Nevertheless, we take this opportunity to remind trial judges who utilize sidebar conferences to handle argument on evidentiary objections that they should make a record of all rulings made during those conferences and afford the parties an opportunity to make a complete and adequate record of the sidebar discussions.